## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Myron Simmons, | ) | |
| | ) | |
|     *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Case No: 15 C 50123 |
| | ) | |
| Rockford Housing Authority, et al., | ) | |
| | ) | |
|     *Defendants*. | ) | Judge Frederick J. Kapala |

## ORDER

Plaintiff's application to proceed IFP [5] is granted. The complaint is dismissed upon initial review pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. Plaintiff's claims against Rockford Housing Authority and unnamed Metro Security Guards are dismissed without prejudice to refiling plausible federal claims against these defendants within 30 days of this order. Failure to do so will result in dismissal of this case with prejudice. Plaintiff's claims against Dr. Riesinger and Rockford Memorial Hospital are dismissed without prejudice for lack of subject matter jurisdiction. Dr. Riesinger and Rockford Memorial Hospital are terminated from this case. Plaintiff's motion for attorney representation [4] is denied without prejudice.

## STATEMENT

    Plaintiff, Myron Simmons, has filed a lawsuit pursuant to 42 U.S.C. § 1983 alleging that defendants, the Rockford Housing Authority, unnamed Metro Security guards, Rockford Memorial Hospital ("RMH"), and Jason D. Riesinger, MD, violated his constitutional rights. The case comes before the court for initial review as plaintiff seeks to proceed in forma pauperis ("IFP").

    Initially, the court finds that plaintiff qualifies financially to proceed IFP. Therefore, his application to proceed IFP is granted. As to Dr. Riesinger and RMH, plaintiff alleges only that "Jason D. [R]iesinger, MD failure to follow procedure for Head injury. Rockford Memorial Hospital Employ [sic] Jason D. [R]iesinger." There is no allegation that Dr. Riesinger or RMH were state actors acting under color of law when they treated plaintiff and therefore plaintiff has failed to state a claim against these defendants for violation of his constitutional rights under § 1983. See Gayman v. Principal Fin. Servs., Inc., 311 F.3d 851, 852 (7th Cir. 2002) ("[A] claim under § 1983 is tenable only if the defendants acted under color of state law-in other words, if they are state actors."). A § 1983 claim is not appropriate against RMH without Monel allegations which are absent from plaintiff's complaint. See Vinson v. Vermillion Cnty., 776 F.3d 924, 928 (7th Cir. 2015) (noting that "there is no respondeat superior liability for section 1983 claims"). The court notes further that there is no attempt to bring a state-law medical malpractice action against the Dr. Riesinger or RMH or to support it with the requisite § 5/2-622 certificate. Even if plaintiff had done so, this court would

not exercise supplemental jurisdiction over such a claim because it would not be sufficiently related to the excessive force claim that plaintiff attempts to allege against the other defendants to form part of the same case or controversy. See 28 U.S.C. § 1367(a). Therefore, the claims against Dr. Riesinger and RMH are dismissed without prejudice to pursuing them elsewhere.

As for the Metro Security guards and RHA, plaintiff alleges that "The Metro Security Guard Tazer [sic] Plaintiff causing Plaintiff to fall and hit his (plaintiff) Head on the ground. [RHA] contracted Metro Security Guard to protrol [sic] their property. This happen on May 17, 2015 the day Metro tazer [sic] plaintiff." It would appear that plaintiff is attempting to allege excessive force in violation of the Fourth Amendment. However, the mere use of a taser without an allegation that such use was unreasonable does not violate the Fourth Amendment. See United States v. Norris, 640 F.3d 295, 303 (7th Cir.2011) (holding that an officer's single use of a taser was reasonable where used to subdue an arrestee who had failed to accede to repeated police commands to stop his retreat into his home). In addition, a § 1983 claim is not appropriate against RHA without Monel allegations which are absent from plaintiff's complaint. See Vinson, 776 F.3d at 928. Therefore, plaintiff has failed to state a claim for excessive force against Metro Security guards or RHA on which relief may be granted and the claim is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii).

Plaintiff's motion for attorney representation is denied without prejudice. Plaintiff has no constitutional right to appointed counsel in a civil case and he has not yet stated a claim. Moreover, plaintiff has not indicated what efforts he has made at securing counsel. Furthermore, this law suit does not appear to be too complex for plaintiff to handle on his own considering his extensive litigation history.

Date: 6/12/2015

ENTER:

_____
FREDERICK J. KAPALA

District Judge